

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2008

# Allstate Indemnity v. Batzig

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Allstate Indemnity v. Batzig" (2008). *2008 Decisions.* Paper 1428.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1428

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos.: 06-5127/5128
_____

ALLSTATE INDEMNITY COMPANY

v.

EDWARD BATZIG; JEANETTE BATZIG, h/w; EDWARD BATZIG, JR.;
ESTATE OF JASON SWEENEY, Dec'd by and through PAUL SWEENEY,
ADMINISTRATOR; PAUL SWEENEY, individually

Estate of Jason Sweeney, dec'd, by and through Paul
Sweeney, Administrator and Paul Sweeney, Individually,

Appellants in 06-5127


ALLSTATE INSURANCE COMPANY

v.

DOMINIC COIA, SR.; DOMINIC COIA, JR.; NICHOLAS COIA;
ESTATE OF JASON SWEENEY, DEC'D BY AND THROUGH PAUL
SWEENEY, ADMINISTRATOR; PAUL SWEENEY, INDIVIDUALLY

Estate of Jason Sweeney, dec'd, by and through Paul
Sweeney, Administrator and Paul Sweeney, Individually,

Appellants in 06-5128

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-4540/5395)
District Judge: Honorable John P. Fullam
_____

Before: BARRY, JORDAN, and HARDIMAN, *Circuit Judges.*

(Filed March 18, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Paul Sweeney, individually and as the administrator of the estate of his son, Jason Sweeney, appeals the decisions of the United States District Court for the Eastern District of Pennsylvania, granting summary judgment to Allstate Indemnity Company, the plaintiff in Appeal No. 06-5127, and granting summary judgment to Allstate Insurance Company, the plaintiff in Appeal No. 06-5128. We will affirm.

## I.     Background

Because we write solely for the parties, who are familiar with the tragic background of this case, we will discuss only those facts relevant to our decision. Allstate Indemnity Company ("Allstate Indemnity") and Allstate Insurance Company ("Allstate Insurance") (collectively, "Allstate") filed these two diversity actions. Allstate Indemnity sought a declaration that it has no obligation to defend or indemnify Edward Batzig, Jeannette Batzig, and Edward Batzig, Jr., who are being sued in state court by Paul Sweeney, the parent of a child who was murdered by, among others, Edward Batzig, Jr. Similarly, Allstate Insurance sought a declaration that it has no obligation to defend or

2

indemnify Dominic Coia, Sr., Dominic Coia, Jr., or Nicholas Coia, who are also being sued by Sweeney in the state court action because Dominic Coia, Jr., and Nicholas Coia participated in the murder of Sweeney's son. Edward Batzig, Jr., is the child of Edward and Jeannette Batzig. Dominic Coia, Jr., and Nicholas Coia are the children of Dominic Coia, Sr. At the time of the murder, the three young murderers resided with their respective parents.

The Allstate homeowners' insurance policies issued to Jeannette Batzig and to Dominic Coia, Sr., exclude from coverage "any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**." (App. 78, 80, 147, 149 (original emphases).) The policies define "insured person(s)" to include "any relative" who is a resident of the household. (App. 75, 144.)

The District Court granted summary judgment to Allstate in both cases, holding that Allstate was not required under the policies to defend or indemnify the children or their parents in the state court action brought by Sweeney. Sweeney appeals.

3

## II.     Discussion[1]

On appeal, Sweeney does not dispute that Edward Batzig, Jr., Dominic Coia, Jr., and Nicholas Coia acted intentionally and criminally and that Allstate has no duty to defend or indemnify them.  Instead, Sweeney argues that the District Court erred in concluding that Allstate was not required to defend and indemnify Edward and Jeannette Batzig and Dominic Coia, Sr. (collectively, the "Parents").  He argues that because his complaint in the state court action alleges, in effect, negligent supervision by the Parents, Allstate has a duty under the policies to defend and indemnify them.

We disagree.  Under Pennsylvania law, courts must give effect to "clear and unambiguous" language in an insurance contract.  *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 897 (Pa. 2006).  The insurance policies in this case exclude from coverage "any **bodily injury** or **property damage** intended by ... any **insured person**."  (App. 78, 80, 147, 149 (original emphases).)  It is undisputed that Edward Batzig, Jr., Dominic Coia, Jr., and Nicholas Coia are "insured person[s]" within the meaning of the policies.  Therefore, bodily injury or property damage resulting from their intentional acts is not covered.  The fact that the Parents did not engage in any

---

[1]The District Court had jurisdiction under 28 U.S.C. §§ 1332(a) and 2201. We have jurisdiction under 28 U.S.C. § 1291.  We review a district court's grant of summary judgment *de novo*.  *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).  Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

intentional behavior is irrelevant. *See Donegal Mut. Ins. Co. v. Baumhammers*, 893 A.2d 797, 818 (Pa. Super. Ct. 2006) (*en banc*), *rev'd in part on other grounds*, 938 A.2d 286 (Pa. 2007) ("The fact that Parents did not engage in criminal behavior is immaterial because the [insurance] policy exclusion applies to criminal behavior of *any* insured.").

Sweeney next argues that, even if the exclusion clause bars coverage, we should refuse to enforce that clause because it violates public policy. However, not only did Sweeney fail to make that argument before the District Court, he has failed to identify on appeal a "clearly expressed public policy" of the Commonwealth of Pennsylvania that would be violated by our enforcement of the exclusion clause. *See Prudential Prop. and Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 752 (Pa. 2002) ("[C]ourts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy."). Therefore, we must reject that argument.

## III. Conclusion

For the reasons set forth above, we will affirm the judgments of the District Court.